IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :       MISC. ACTION
                                    :
JOHN J. LYNCH                       :       NO. 11-77


MEMORANDUM

Bartle, C.J.                                          May 25, 2011

        Before the court is the emergency pro se petition of
John Lynch asking this court to vacate an order entered by the
Bankruptcy Court for the Eastern District of Pennsylvania
dismissing his Chapter 7 petition.[1]  Lynch also has moved the
court to hold the City of Philadelphia, the Philadelphia Parking
Authority, and the Philadelphia Traffic Court in contempt for
having collected a debt in violation of the automatic bankruptcy
stay.

        Lynch filed a Chapter 7 bankruptcy petition in August
2009 and received an order of discharge on April 1, 2010.  In re
Lynch, Case No. 09-15910 (Bankr. E.D. Pa. Apr. 1, 2010).  Less
than a year later, on March 25, 2011, Lynch filed another Chapter
7 bankruptcy petition.  On March 29, 2011, the bankruptcy court
entered an order dismissing Lynch's petition sua sponte because
Lynch had received an order of discharge on the bankruptcy
initiated in 2009.  In re Lynch, Case No. 11-12217 (Bankr. E.D.
Pa. Mar. 29, 2011); see 11 U.S.C. § 727(a)(8).

_____

1.  We exercise appellate review of orders entered by the
bankruptcy court pursuant to 28 U.S.C. § 158(a).

Lynch argues that the dismissal was improper because the bankruptcy court did not provide notice and a hearing before dismissing his petition.  Generally, a court is required to give a petitioner notice and a hearing before dismissing a Chapter 7 bankruptcy petition.  See 11 U.S.C. § 707(b).  Here, however, the bankruptcy court had the authority to summarily dismiss Lynch's petition because it was "irremediably defective" under § 727(a)(8).  In re Jephunneh Lawrence & Assocs. Chartered, 63 B.R. 318, 321 (Bankr. D. Colo. 1986); see 11 U.S.C. §§ 102(1), 105(a).  Lynch is ineligible to receive the relief sought in his March 25, 2011 bankruptcy petition because he had received an order of discharge in another bankruptcy proceeding "within 8 years before the date of the filing of the petition." 11 U.S.C. § 727(a)(8).

Lynch's petition for bankruptcy appears to have been prompted by a dispute with the City of Philadelphia concerning outstanding fines he owed on four motor vehicles, which had been impounded by the City.  On March 26, 2011, the day after filing the bankruptcy petition at issue, Lynch sent a letter enclosing his bankruptcy petition to two judges in Pennsylvania's First Judicial District and an attorney for the Philadelphia Parking Authority.[2]  The letter stated the automatic stay had been entered, "demand[ed]" that the addressees release Lynch's automobiles, and warned that Lynch would initiate contempt

---

2.  The First Judicial District includes both the Court of Common Pleas of Philadelphia County and a Traffic Court.

proceedings if there was "any delay in compliance with the relief order from the court."

According to an April 12, 2011 order entered by the Court of Common Pleas of Philadelphia County, the Philadelphia Parking Authority had seized Lynch's vehicles because he had not "furnished proof of valid vehicle registration, financial responsibility, or operating privilege, or paid or made arrangements to pay underlying fines as required by [Pennsylvania law.]"[3]  In re Phila. Parking Auth., Case No. 1192, 2011 term (Ct. Com. Pl. Apr. 12, 2011).  The court ordered Lynch's vehicles sold at auction.  Id.  On May 12, the Court of Common Pleas confirmed the sale of one of the vehicles Lynch had referenced in his March 26 letter.

From these documents, we infer that Lynch failed to register or insure his vehicles (or both), and that when Lynch failed to pay the resulting fines, the City auctioned one of his cars.[4]  Lynch attempted to stop this chain of events by filing for bankruptcy.  He now seeks to hold the City of Philadelphia,

---

3.  This order was entered while Lynch was in prison.  According to his petition, "On April 5 2011 [sic] Petitioner was taken into custody for a fugative [sic] from Justice complaint in Montgomery County, and kept incommunicado for approx [sic] 20 days."  The notice of appeal Lynch filed with the bankruptcy court is dated April 27, 2011 and states that the "Prison mailbox Rule applies."

4.  This understanding is corroborated by a letter that Lynch received from his wife (presumably while in jail), in which she states, "Keith went to traffic court and they said we have to have insurance for all the cars and the truck and registration plus 175 dollars towing fee for each [vehicle]."  The relationship of "Keith" to either Lynch or his wife is not disclosed.

the Philadelphia Parking Authority, and the Philadelphia Traffic Court in contempt for having sold his automobile in violation of the automatic stay.

Lynch's bankruptcy petition was dismissed on March 29, 2011, and the City sold his vehicle between April 12, 2011 and May 12, 2011. Lynch's motion for contempt explicitly assumes that the bankruptcy code's automatic stay remains in place during an appeal from a bankruptcy court's dismissal of the petition. This is incorrect. The order of the bankruptcy court dismissing Lynch's petition terminated the automatic stay, and Lynch's subsequent notice of appeal to this court did not sustain or revive it. See 11 U.S.C. § 362(c)(2)(B); Shaw v. Elrich, 294 B.R. 260, 274 (W.D. Va. 2003). "[I]f a debtor does not seek the protection of a stay pending appeal ... creditors are free to take action to enforce their rights in the debtors' assets from the moment that the dismissal order is entered." Shaw, 294 B.R. at 274 (gathering cases). When the City of Philadelphia sold Lynch's vehicle, the automatic stay was not in effect.[5]

Lynch's emergency petition to vacate the bankruptcy court's order of dismissal and his motion for contempt are without merit.

---

5. We also note that the state-law fines Lynch's vehicle was sold to satisfy are punitive in nature and thus not dischargeable in bankruptcy. See 11 U.S.C. § 523(a)(7); 75 Pa. Cons. Stat. §§ 6309, 6309.2.